JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-00543 MMM (CWx) | Date | April 5, 2010 |

| | |
|---|---|
| Title | *Khashan v. Ghasemi et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Remanding Action**

### I. BACKGROUND

On January 14, 2010, Mikail Khashan instituted this action against Esmael Ghasemi, Stan Paur, Merchants' Choice Payment Solutions (erroneously sued as "Merchants' Choice Payment Solutions formerly known as Merchants' Choice Card Services") ("Merchants' Choice"), Woodforest National Bank ("Woodforest"), and certain fictitious defendants in Los Angeles Superior Court. The complaint alleged claims for breach of contract; breach of the implied covenant of good faith and fair dealing; breach of fiduciary duty; professional negligence; extortion and duress; fraud; intentional misrepresentation; slander per se; and intentional infliction of emotional distress. Defendants Merchants' Choice, Woodforest, and Paur ("removing defendants") filed a notice of removal on January 26, 2010.[1] Ghasemi did not join the notice, although the removing defendants represented that that he consented to removal. Khashan, a citizen of Arizona, filed suit *pro se* in Los Angeles Superior Court. Removing defendants are all citizens of Texas, while Ghasemi is a citizen of California. Khashan had not served any of the defendants prior to removal. On February 17, 2010, Khashan moved to remand the action to Los Angeles Superior Court.

---

[1]See Notice of Removal, Docket No. 1 (Jan. 26, 2010).

1

Plaintiff's motion is currently on calendar for hearing on April 12, 2010.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument.  The hearing scheduled for April 12, 2010 is vacated and taken off calendar.  For the reasons discussed below, the court remands the action to Los Angeles Superior Court.

## II.  DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

The removing defendant bears the burden of establishing that removal is proper.  See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction); see also *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Parties seeking to remove must comply with certain procedural mandates.  Among these is the "forum defendant rule" stated in 28 U.S.C. § 1441(b): "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  In *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933 (9th Cir. 2006), the Ninth Circuit determined that violations of the forum defendant rule are procedural, not jurisdictional, and thus can be waived if plaintiff does not object to removal within 30 days of receiving notice thereof.  *Id.* at 936.

Khashan asserts that he is a citizen of Arizona; in their notice of removal, defendants Merchants' Choice, Paur, and Woodforest assert that they are citizens of Texas and that defendant Ghasemi is a citizen of California.  Given Ghasemi's citizenship, the removal appears to have violated the forum defendant rule set forth in 28 U.S.C. § 1441(b).

28 U.S.C. §1441(b), on its face, applies only where the forum defendant has been  properly joined and served.  Here, however, the "properly joined and served" language of § 1441(b) does not prevent a finding that the removal was procedurally defective.  The "properly joined and served" language, added to § 1441(b) in 1948, has widely been interpreted as reflecting a Congressional intent

to prevent the fraudulent joinder of forum defendants in order to avoid removal.  See *Stan Winston Creatures, Inc. v. Toys R Us, Inc.*, 314 F.Supp.2d 177, 181 (S.D.N.Y. 2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve").  Generally, courts have not found that Congress intended to expand federal jurisdiction with this language.  See *Preseau v. Prudential Insurance Co.*, 591 F.2d 74, 78 (9th Cir. 1979) (rejecting an argument that "§ 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served," citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)); *South Panola Consolidated School District v. O'Bryan*, 434 F.Supp. 750, 754 (D. La. 1977) (noting that "[t]he court does not believe that the removal of the action sub judice to this court pursuant to 28 U.S.C. § 1441(b) could act to create jurisdiction that otherwise would not exist" and remanding because a forum state defendant was served after removal to federal court); see also *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981) ("[W]e decline to read  section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement . . . that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service"); *Sullivan v. Novartis Pharmastein AG*, 575 F.Supp. 2d 640, 645 (D.N.J. 2008) ("Indeed, it is inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process").

In a recent case, Judge David Carter indicated that, where the forum defendant rule would otherwise apply, interpreting the statute literally would "thwart[ ] the purpose of Section 1441(b) and merely promote[ ] gamesmanship on the part of removing defendants. . . .  [He thus held that] § 1441(b) is not implicated where the non-forum defendant (or forum defendant) seeks to remove the action prior to the service of any defendant."  *Standing v. Watson Pharmaceuticals*, CV 09-0527 DOC (AN x), 2009 WL 842211, *5 (C.D. Cal. Mar. 26, 2009).[2]  See also *Ibarra v. Protective Life Insurance Co.*, No. CV-09-049-TUC-CKJ, 2009 WL 1651292, *2 (D. Ariz. June 12, 2009) (adopting the rule articulated in *Standing* and concluding that the forum defendant rule was intended "to prevent gamesmanship by plaintiffs, [such that] it is difficult to comprehend why it should be allowed to promote gamesmanship by defendants"); *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, *2 (N.D. Ill. Aug.11,  2005) (finding that "the policy of the 'joined and served' requirement is not implicated . . . [w]hen no defendant has been served, . . . [because in such a situation,] the non-forum defendant stands on equal footing as the forum defendant. . . . [T]he protection afforded by the 'joined and served' requirement is wholly unnecessary for an unserved non-forum defendant"); *Stan Winston Creatures, Inc. v. Toys R Us, Inc.*, 314 F.Supp.2d 177, 181 (S.D.N.Y.2003) ("The purpose

---

[2]In *Standing*, the only non-forum defendant removed the action prior to any defendant being served.  Almost one month after removal, plaintiff simultaneously served all defendants and filed a motion to remand.  *Id.* at *2.

of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve"); *Recognition Communications, Inc. v. American Automobile Association, Inc.*, No. Civ.A. 3:97-CV-0945-P, 1998 WL 119528, *3 n. 3 (N.D. Tex. Mar. 5, 1998) (finding that § 1441(b) is not implicated where the non-forum defendant seeks to remove the action prior to service on any defendant); *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F.Supp.2d 640, 646 (D.N.J. 2008) (finding that the reading of § 1441(b) urged by defendants in this case would be "bizarre or absurd"); *Oxendine v. Merck and Co., Inc.*, 236 F.Supp.2d 517, 526 (D. Md. 2002) ("[R]emovability cannot rationally turn on the timing or sequence of service of process").

Because district court orders under § 1441 are generally not reviewable, the Ninth Circuit and other circuit courts have not had the opportunity to provide guidance on this point.  The Eighth Circuit has noted, however, "that allowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems.  Because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served."  *Percherski v. General Motors Corp.*, 636 F.2d 1156, 1161 n. 6 (8th Cir. 1981) (relying on Ninth Circuit precedent to establish that the "joined and served" language of § 1441(b) did not modify precedent requiring complete diversity of citizenship regardless of service).  The Eighth Circuit footnote appears, in fact, to be the only indication by any circuit court regarding the proper interpretation of the statutory language.[3]

The notice of removal in this case asserted that none of the defendants had yet been served when the action was removed to this court.  Khashan, a *pro se* plaintiff and citizen of Arizona, filed suit in Los Angeles Superior Court on January 14, 2010, and removing defendants, citizens of Texas, removed the action on January 26, 2010.  It is clear from Khashan's complaint that Ghasemi, the forum defendant, is integral to his claims and that he has not been joined solely for the purpose of defeating removal.  The basis of Khashan's cause of action for slander, for example, is a statement allegedly made by Ghasemi, calling Khashan a "thief, liar, crook, and not trustworthy who is attempting to rip the bank off."[4]  Ghasemi is also listed as a party in each of Khashan's eight causes of action, and the complaint is replete with allegations regarding actions taken by Ghasemi.  Given that Khashan is proceeding *pro se*, is a citizen of Arizona, and is suing citizens of Texas and

---

[3]District courts outside the circuit have disagreed with *Standing*.  See, e.g., *Evans v. Rare Coin Wholesalers, Inc.*, 4:09 CV 259, 2010 WL 595653, *2 (E.D. Tex. Jan. 28, 2010) ("The statutory language clearly requires *service* on the forum defendant – at the time of removal – for removal to be improper" (emphasis original)); *Ott v. Consolidated Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002) ("[I]n accordance with the plain language of § 1441(b) . . . where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability. . .").

[4]Complaint, ¶ 38.

California in a Los Angeles court, twelve days did not afford him a meaningful opportunity to effectuate service.  Consequently, the court agrees with Judge Carter's conclusions in *Standing*, and the cases cited therein, and finds that defendant's removal is procedurally defective.[5]

Failure to comply with the forum defendant rule renders the removal procedurally defective.  See *Lively*, 456 F. 3d at 936.  Although procedural defects in removal can be waived, *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994), Khashan filed a motion to remand the action to Los Angeles Superior Court on February 17, 2010.  For the reasons stated herein, the court finds the removal procedurally defective and directs the clerk to remand the action to Los Angeles Superior Court forthwith.

Khashan seeks an award of the attorneys' fees and costs he has incurred filing a motion to remand under 28 U.S.C. § 1447(c).  Section 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Whether to grant fees under § 1447(c) lies in the sound discretion of the trial court.  See *Toumajian v. Frailey*, 135 F.3d 648, 657 (9th Cir. 1998) (noting that under § 1447(c), "upon remand for lack of subject matter jurisdiction [the] court may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal"); *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir. 1995) (recognizing that the district court has broad discretion to award attorneys' fees as a result of removal under § 1447(c)); *Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir. 1992) ("Given the wide discretion provided the district court by § 1447(c), we will review an award of attorney's fees under this statute for abuse of discretion").

In determining whether to award fees and costs, the court must assess the merits of defendant's removal petition.  See *Moore*, 981 F.2d at 447;[6] see also *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000); *Gray v. New York Life Ins. Co.*, 906 F.Supp. 628, 634 (N.D. Ala. 1995) ("[T]he decision as to whether to award fees under § 1447(c) turns primarily, if not solely, on the merit of the removal").  The Supreme Court has recently directed that "the

---

[5]Without resolving the disputed issue as whether service was sufficient under California law, the court notes that plaintiff has filed a proof of service indicating that a non-registered process server personally served the summons and complaint on Ghasemi, the California defendant, on January 15, 2010.  This indicates that plaintiff intends to pursue this action against Ghasemi and was not dilatory in attempting to effectuate service.

[6]The Ninth Circuit's holding in *Moore* that a showing of bad faith was not required before fees could be awarded under § 1447(c) was effectively overruled by the Supreme Court's decision in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  See *Santos v. Harver Co.*, No. CV 08-1206-C, 2009 WL 2184543, *11 (D. Or. May 29, 2009).  The *Martin* Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin*, 546 U.S. at 136.

standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In the absence of unusual circumstances, courts are to award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

As noted, there is some disagreement regarding the proper application of § 1441(b).  This fact leads the court to conclude that defendants' grounds for seeking removal were not objectively unreasonable, although they were ultimately unpersuasive.  The court notes, moreover, that plaintiff has not actually incurred attorneys' fees because he is appearing *pro se* and does not have counsel.  See, e.g., *Deutsche Bank National Trust Co. v. Sitanggang*, No. 1:09cv01835 AWI DLB, 2010 WL 144439, *2 (E.D. Cal. Jan. 11, 2010) ("However, as the Defendant is proceeding pro se, the Court declines to award costs and expenses").  Given these circumstances, the court exercises its discretion to deny plaintiff's request for attorneys' fees and costs associated with the motion to remand.

### III. CONCLUSION

Plaintiff's motion to remand is granted, and the clerk is directed to remand the action to Los Angeles Superior Court forthwith.  Plaintiff's motion for attorneys' fees and costs is denied.